2018V00043/BAW/gr
CRAIG CARPENITO
UNITED STATES ATTORNEY
BY: BARBARA A. WARD
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL: (973) 645-2700
FAX: (973) 297-2042
barbara.ward@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Hon. |
| v. | : | Civil Action No. 18- |
| **EIGHTY 220-KG DRUMS OF BENZALDEHYDE,** | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| | : | |
| Defendant *in rem*. | | |

Plaintiff the United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey, for its verified complaint (the "Complaint") alleges, upon information and belief, as follows:

### I. NATURE OF THE ACTION

1. This action is brought by the United States of America seeking the forfeiture of eighty 220-kilogram drums of benzaldehyde seized by the Drug Enforcement Administration ("DEA") on or about November 12, 2017 at the Port of New York and New Jersey (the "Port of Newark" or the "Port") located in Newark Bay, Newark, Essex County, New Jersey (hereinafter referred to as the "defendant in rem" or the "defendant property").

2. The defendant in rem is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(9), which subjects to forfeiture all listed chemicals which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported in violation of Subchapter II of Chapter 13, Title 21, United States Code.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the District of New Jersey and pursuant to 28 U.S.C. § 1395(b), because the defendant in rem was seized in the District of New Jersey.

5. Pursuant to 21 U.S.C. § 802(28), the term "United States," when used in a geographic sense, means all places and waters, continental or insular, subject to the jurisdiction of the United States.

6. The defendant in rem is currently in the custody of the United States Marshals Service for the District of New Jersey.

## III.   STATUTORY AND REGULATORY BACKGROUND

7.     Benzaldehyde is a listed chemical regulated by the Controlled Substances Act, Title 21, United States Code, Section 801 *et seq.* 21 U.S.C. § 802(33), (34)(V).

8.     A List I chemical, which includes benzaldehyde, in a quantity equal to or greater than four kilograms by base weight, may be imported into the United States for transshipment, or may be transferred or transshipped within the United States for immediate exportation, provided that advance written notice is submitted to the DEA's Regulatory Section of the Diversion Control Division of the DEA. 21 C.F.R. §§ 1310.02, 1310.04(f), 1313.31; 21 U.S.C. § 971(a).

9.     The advance notice requirement is explained in detail in 21 C.F.R. § 1313.31. It is also referenced on the DEA's public website.[1]

10.     The advance notice must be submitted to the DEA Diversion Control Division, Regulatory Section, not later than 15 calendar days prior to the proposed date the listed chemical will transship or transfer through the United States. There can be no waiver of the 15-day advance notice requirement. The written notification must contain the 17 categories of information specified in the regulation. *See* 21 C.F.R. § 1313.31.

---

[1] *See* https://www.deadiversion.usdoj.gov/chem_prog/transshipment_chem_instruct.pdf (accessed March 27, 2018).

## IV. STATEMENT OF FACTS

11. On or about October 5, 2017, a container ship known as the MSC Maria Elena V. IU736A (the "Maria Elena") arrived at the Port of Newark.

12. The Maria Elena began its voyage in India, and, following a prescribed route, made a number of stops before arriving at the Port of Newark. After leaving the Port of Newark, the Maria Elena was scheduled to make additional stops, including Freeport, Grand Bahama, before returning to India.

13. The containers aboard the Maria Elena included Container No. CXDU2085137 (the "Container").

14. According to the Bill of Lading for the Container ("Bill of Lading"), the Container held 80 drums of benzaldehyde, FCC Grade, with each drum holding a net weight of 220 kilograms, which constitutes the defendant in rem.

15. According to the Bill of Lading, the shipper of the defendant in rem was Ornate Lamipack Pvt. Ltd., with an address of Part-D, Giriraj Apartment, b/h [behind] Barista Coffee, Race Course, Vadodara - 390007, Gujarat, India.

16. According to the Bill of Lading, the consignee of the shipment was Pehacheve, S.A., 110 Rue Des Miracles, P.O. Box 1666, Port-Au- Prince, Haiti, West Indies.

17. The Bill of Lading identified the Port of Loading as Mundra, India, and the Port of Discharge as Port-au-Prince, Haiti.

18. According to the tracking information of the shipping company, Mediterranean Shipping Corporation ("MSC"), the Container was slated to be

offloaded in Freeport, Grand Bahama, transferred to another vessel, and discharged in Port-au-Prince, Haiti.

19. Because the Container held more than four kilograms of benzaldehyde, the applicable statutes and regulations require advance notice of the shipment at least 15 calendar days before the proposed date the shipment would transship or transfer through the United States.

20. Following the arrival of the Maria Elena at the Port of Newark, U.S. Customs and Border Protection inquired whether the DEA had received the advance notice of shipment required by law.  Because the DEA had not received the advance notice, on or about October 5, 2017, U.S. Customs and Border Protection removed the Container from the Maria Elena for joint inspection and laboratory analysis.

21. The drums in the Container were packed on 20 wooden pallets. The manufacturer of the chemical listed on the drums is Shimmer Chemicals Pvt. Ltd., E-14, Sardar Estate, Ajwa Road, Baroda, 390019 India.

22. On or about October 12, 2017, forensic chemists from the DEA Northeast Regional Laboratory took samples from eight randomly selected drums.  Each sample tested positive for benzaldehyde.

23. On or about November 12, 2017, the DEA seized the defendant property and initiated administrative forfeiture proceedings pursuant to 21 U.S.C. § 881(a)(9).

24. On or about December 28, 2017, Pehacheve, S.A. filed a claim in the administrative forfeiture proceeding asserting ownership of the defendant in rem and contesting the administrative forfeiture.

25. In 2009, the DEA seized a combined total of approximately 152 kilograms of 30-milligram tablets of pseudoephedrine, a listed chemical, for failure to provide advance notice of transshipment to the DEA at least 15 business days prior to the arrival of the shipment at the Port. The consignee of the shipment was Pehacheve, S.A.

## V. CLAIM FOR FORFEITURE

26. The allegations contained in paragraphs 1 through 25 of this Complaint are incorporated herein and made part hereof.

27. Title 21, United States Code, Section 971(a) requires that each "regulated person who imports or exports a listed chemical shall notify the Attorney General of the importation or exportation not later than 15 days before the transaction is to take place."

28. For purposes of Section 971(a), a "regulated person" includes "a person who . . . distributes, imports, or exports a listed chemical, . . . or who acts as a broker or trader for an international transaction involving a listed chemical."

29. Title 21, United States Code, Section 960(d)(6) imposes a criminal penalty upon a person who "imports a listed chemical in violation of section 952 of [Title 21], imports or exports such a chemical in violation of section 957

or 971 of [Title 21], or transfers such a chemical in violation of section 971(d) of [Title 21]."

30.   For purposes of 21 U.S.C. § 971, cargo on a ship that is in any area subject to the jurisdiction of the United States is considered to have been imported into the United States even if the cargo will be transshipped from that area to a destination outside the United States.  21 U.S.C. § 951(a)(1).

31.   As a result of the foregoing, the defendant in rem is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(9) as a chemical which was imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported in violation of 21 U.S.C. § 960(d)(6).

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the defendant in rem pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimants to the defendant in rem; that the defendant in rem be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and that the Court grant such other and further relief it deems just and proper.

Dated: Newark, New Jersey
        March 27, 2018

                                  CRAIG CARPENITO
                                  United States Attorney

                                  *s/Barbara A. Ward*
                                  By: BARBARA A. WARD
                                  Assistant United States Attorney

## VERIFICATION

CITY OF NEWARK        )
COUNTY OF ESSEX       : ss.:
STATE OF NEW JERSEY   )

Michael J. Deignan, being duly sworn, deposes and says that he is a Diversion Investigator with the New Jersey Division Office of the Drug Enforcement Administration Diversion Control Division; that he has read the foregoing Verified Complaint; and that the statements contained therein are true to the best of his knowledge, information, and belief.

The sources of deponent's information and the ground of his belief include official records and files of the United States, information obtained directly by the deponent, and information obtained by other law enforcement officials and representatives during an investigation of alleged violations of Title 21, United States Code.

                                                                       _____
                                                                       Michael J. Deignan
                                                                       Diversion Investigator
                                                                       Drug Enforcement Administration

Sworn to and subscribed before me
this 27th day of March, 2018
at Newark, New Jersey

_____
Jaclyn Wyrwas
Attorney-at-Law of the State of New Jersey

2018V00043/BAW/gr
CRAIG CARPENITO
UNITED STATES ATTORNEY
BY: BARBARA A. WARD
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL: (973) 645-2700
FAX: (973) 297-2042
barbara.ward@usdoj.gov

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Hon. |
| Plaintiff, | : | Civil Action No. 18- |
| v. | : | |
| **EIGHTY 220-KG DRUMS OF BENZALDEHYDE,** | : | **WARRANT FOR ARREST *IN REM*** |
| | : | |
| Defendant *in rem*. | | |

**TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, THE DRUG ENFORCEMENT ADMINISTRATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on March 27, 2018 in the United States District Court for the District of New Jersey, alleging that the defendant property, namely eighty 220-kg drums of Benzaldehyde is subject to seizure and forfeiture to the United States for the reasons set forth in the Complaint;

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States;

WHEREAS, in these circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____            _____
                                     Clerk of the Court


                         By:   _____
                               Deputy Clerk

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Eighty 220-kilogram Drums of Benzaldehyde

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
United States Attorneys Office
970 Broad Street, Suite 700
Newark, N.J. 07102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C § 881(a)(9)
Brief description of cause:
Failure to provide Advance Notice of Transshipment.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 3/27/18
SIGNATURE OF ATTORNEY OF RECORD: *Baward*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE